RESOLUCIÓN
En virtud de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA see. 24 et seq.), este Tribunal tiene la responsabilidad de adoptar e implantar cánones de ética judicial que rijan la conducta de los jueces y las juezas de Puerto Rico.
En el 2005 este Tribunal aprobó unos nuevos Cánones de Ética Judicial en los que se reafirmaron los principios que constituyen la base de las normas éticas. En esa ocasión, optamos por dejar inalterado el entonces Canon XVIII de 1977, ahora Canon 15 (4 LPRAAp. IV-B), Solemnidad de los procedimientos; fotografías, películas, grabación o reproducción. Este precepto ético, en esencia, im *425 pone a los jueces y a las juezas el deber de mantener el proceso judicial en un ambiente inalterable de solemnidad y respeto. Dicho canon, además, prohíbe la toma de fotografías y las grabaciones de video o de audio, así como la difusión de los procesos judiciales por radio o televisión, excepto en ocasiones ceremoniales o para propósitos educativos.
No obstante, al aprobar dicho canon reconocimos la importancia y la necesidad de reexaminar esa normativa con mayor detenimiento debido a las implicaciones de índole constitucional.
Con ese propósito, y ante los reclamos de los medios audiovisuales de comunicación a un acceso a los procesos judiciales, encomendamos al Secretariado de la Conferencia Judicial y Notarial a que actualizara la información sobre la cobertura electrónica y toma de fotografías por la prensa en los procesos judiciales de otras jurisdicciones.
Oportunamente, el Secretariado sometió el Informe sobre el uso de cámaras fotográficas y equipo audiovisual de difusión para cubrir los procedimientos judiciales en Puerto Rico. De este informe surge que en las diversas jurisdicciones existe una regulación bien variada que autoriza distintos niveles de cobertura y de acceso a los procesos judiciales, y que, en su mayoría, comenzaron de forma experimental.
Evaluados los hallazgos y las recomendaciones de dicho informe, así como los comentarios y las recomendaciones de distintos sectores de la comunidad, incluyendo la Asociación de Periodistas de Puerto Rico, el Overseas Press Club of Puerto Rico, la Asociación de Fotoperiodistas y el Taller de Fotoperiodismo, y para acercar cada vez más nuestro sistema de justicia a los más altos valores y niveles de transparencia, de fomentar la confianza del pueblo en su Judicatura y de garantizar el acceso de la ciudadanía a esta, se deroga el Canon 15 vigente y se aprueba un nuevo Canon 15 de Ética Judicial, que dispondrá lo siguiente:

*426
Canon 15. Solemnidad de los procedimientos; fotografías, video, grabación y transmisión

Las juezas y los jueces mantendrán el proceso judicial en un ambiente de solemnidad y respeto.
Se podrá tomar fotografías o video en el salón del tribunal durante la celebración de sesiones judiciales o recesos y radiodifundir o televisar los procedimientos judiciales, solamente según lo autorice el Tribunal Supremo mediante una orden, regla o norma. Estas garantizarán el acceso del público a los procedimientos judiciales sin que se afecte el logro de un juicio justo e imparcial, sin interrumpir el proceso judicial y sin menoscabar la sana administración de la justicia.
Se podrá permitir la toma de fotografías o video en ocasiones estrictamente ceremoniales.
Se permitirá el uso oficial de equipo o grabadoras autorizadas por la Oficina de Administración de los Tribunales y el uso de grabadoras o equipo similar por las abogadas y los abogados de las partes.
Además, se podrá permitir el uso de computadoras portátiles, teléfonos celulares, tabletas, entre otros dispositivos electrónicos o equipo similar, para recopilar y transmitir información escrita a través de Internet, siempre que no interfiera con el proceso judicial, su operación sea silenciosa y discreta y no se utilicen para fotografiar, grabar imágenes o audio, radiodifundir ni televisar. No obstante lo anterior, el juez o la jueza podrá restringir o limitar la transmisión en directo de lo que acontece durante el proceso judicial si determina que afectará el logro de un juicio justo e imparcial o la sana administración de la justicia.
La enmienda a los Cánones de Ética Judicial que hoy adoptamos mediante esta Resolución toma en consideración que los instrumentos tradicionales de recopilación de información se están sustituyendo por otras herramientas especializadas con mayor agilidad y eficacia. Por ello, se autoriza el uso de computadoras portátiles, teléfonos celulares y tabletas, entre otros dispositivos electrónicos o equipo similar, para recopilar información sobre lo que acontece durante el proceso judicial. Estos equipos o dispositivos no podrán utilizarse para fotografiar, grabar imágenes o audio ni para transmitir los procesos judiciales.
Asimismo, considerando que el uso de Internet como herramienta de comunicación masiva, especialmente a través de los periódicos digitales, los blogs y las redes sociales, es *427 la vía más eficiente para transmitir información de forma rápida al público, se autoriza el uso de los dispositivos electrónicos antes mencionados para transmitir a través de Internet información relacionada con el proceso judicial que se presencie. La información que se autoriza transmitir es aquella que se puede plasmar a través de la escritura y no mediante imágenes o sonidos.
Toda persona deberá actuar responsablemente al difundir información de un proceso judicial, por lo que deberá asegurarse que la información que divulgue concuerde fielmente con la realidad de lo ocurrido en el proceso judicial. El juez o la jueza podrá limitar o restringir la utilización de equipo para la transmisión de información relacionada con el proceso judicial si determina que afectará el logro de un juicio imparcial o la sana administración de la justicia.
Por otra parte, al amparo de lo dispuesto en el Canon 15, supra, autorizamos el Programa experimental para el uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos Judiciales celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan. Para establecer el ordenamiento que gobernará este programa experimental, aprobamos el Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, el cual se hace formar parte integral de esta Resolución.
El Reglamento dispone las reglas que regirán la petición, la autorización por el juez o la jueza, los parámetros y las restricciones de la cobertura electrónica, la elección del personal autorizado para fotografiar y grabar el proceso, así como el equipo técnico a utilizar y la conducta que quienes representan los medios de comunicación deberán observar durante el programa experimental, entre otros asuntos.
Al concluir un año desde que entre en vigor el programa experimental, el Tribunal hará una evaluación exhaustiva de la efectividad del uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comuni *428 cación en los procesos judiciales que se celebren en dichas salas. Al llevar a cabo dicha evaluación se garantizará la participación de todos los sectores interesados, incluyendo la Judicatura, los abogados y las bogadas, el Ministerio Público y los medios de comunicación.
El nuevo Canon 15 de Ética Judicial entrará en vigor inmediatamente. El Reglamento comenzará a regir el 1 de julio de 2013.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Señor Hernández Denton emitió un voto de conformidad, al cual se unió la Jueza Asociada Señora Fiol Matta. El Juez Asociado Señor Rivera García “condiciona su voto de conformidad a esta Resolución ya que su aplicación es exclusiva para el Programa Experimental en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan y por el término de un año. En la eventualidad de que se considere extender o ampliar el programa a otras salas, se reserva el derecho de modificar su voto, si tal decisión incide sobre derechos constitucionales que cobijan a la ciudadanía”. El Juez Asociado Señor Estrella Martínez emitió un voto de conformidad.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

REGLAMENTO DEL PROGRAMA EXPERIMENTAL PARA EL USO DE CÁMARAS FOTOGRÁFICAS Y DE EQUIPO AUDIOVISUAL DE DIFUSIÓN POR LOS MEDIOS DE COMUNICACIÓN EN LOS PROCESOS JUDICIALES

Regla 1. Título

Este Reglamento se conocerá como Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas *429 y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales.

Regla 2. Base legal

Este Reglamento se adopta conforme a la autoridad que concede la Sección 7 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico al Tribunal Supremo para adoptar reglas para la administración de los tribunales y al Canon 15 de Ética Judicial de Puerto Rico, según enmendado.

Regla 3. Aplicación

Este Reglamento autoriza, como proyecto experimental, la cobertura electrónica de los procesos judiciales mediante la toma de fotografías y la grabación de audio e imágenes, y su reproducción y difusión por los medios de comunicación. Regirá únicamente en los procesos judiciales celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan.

Regla 4. Definiciones

Los siguientes términos tendrán el significado que se expresa a continuación:
(a) Cámaras fotográficas y equipo audiovisual de difusión—incluye cualquier tipo de cámara fotográfica, cámara de televisión, grabadora de video o imagen, grabadora de audio, entre otros de igual naturaleza y para propósitos de grabación, transmisión, reproducción, difusión o toma de fotografías. Incluye todo tipo de accesorio como cables, micrófonos, trípodes y otros similares.
(b) Cobertura electrónica—comprende la obtención de información del proceso judicial mediante la captación de imágenes o de audio por cámaras fotográficas y equipo audiovisual de difusión por los medios de comunicación. Incluye la toma de fotografías, la grabación, la reproducción y la difusión de los procesos judiciales.
(c) Difusión del proceso—proceso de divulgación o propagación de cualquier grabación de imagen, grabación de audio, fotografía o información de los eventos que aconte *430 cen en el proceso judicial. Incluye la reproducción a través del uso de cámaras de televisión y ondas radiales, entre otros medios de telecomunicación.
(d) Equipo electrónico adicional—incluye computadoras portátiles (laptops), teléfonos inteligentes (smartphones) y tabletas (tablets), entre otros aparatos electrónicos o equipos similares utilizados por los medios de comunicación en sustitución de las herramientas tradicionales para recopilar información.
(e) Funcionaría Designada o Funcionario Designado— persona elegida por el juez o la jueza que preside el proceso para que actúe como representante del tribunal, coordine la difusión del proceso judicial junto con los quienes representantes de los medios de comunicación y facilite el fiel cumplimiento de las disposiciones contenidas en este Reglamento.
(f) Jueza o Juez que preside el proceso—el juez o la jueza del tribunal de primera instancia ante quien se ventila el proceso judicial que se pretende difundir.
(g) Medios de comunicación—toda aquella persona, organización o entidad cuya función sea obtener noticias para informar al público, ya sea de forma escrita, oral, visual o gráfica. Incluye agencias de noticias, diarios y semanarios de circulación nacional, estaciones de radio y televisión, prensa regional, revistas y prensa especializada e Internet.
(h) Partes—las personas litigantes nombradas en el ex-pediente del caso.
(i) Participante del proceso—todas las partes, los abogados y las abogadas, las personas testigos y las personas peritas, el personal del tribunal y el juez o la jueza que estén presentes mientras se desarrolla el proceso judicial.
(j) Proceso judicial—comprende, sin limitarse a, la celebración de vistas de estado de los procedimientos, vistas argumentativas, conferencias con antelación al juicio y vistas en su fondo de aquellos asuntos y recursos en materia civil asignados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan.
*431 (k) Representante de los medios de comunicación— persona autorizada para tomar fotografías o grabar el proceso judicial y que representa uno de los medios de difusión siguientes: televisión, prensa digital (Internet) y prensa escrita.
(Z) Representante de los medios de comunicación designado—representante de los medios de comunicación, escogido preferiblemente mediante consenso por los distintos medios de comunicación peticionarios, que ejerce como en-lace entre el tribunal y los medios de comunicación a quienes representa.

Regla 5. Principios generales

(a) La jueza o el juez que preside el proceso permitirá la cobertura electrónica de los procesos judiciales ante su consideración siempre que los medios de comunicación cum-plan satisfactoriamente con las disposiciones contenidas en este Reglamento.
(b) El juez o la jueza que preside el proceso mantendrá la discreción para revocar la autorización concedida o limitar, restringir o prohibir la cobertura electrónica del proceso judicial ante su consideración.
(c) Los medios de comunicación observarán en el salón de sesiones una conducta apropiada de manera que prevalezca en el tribunal un ambiente de decoro y solemnidad, sin distraer a los participantes del proceso ni obstaculizar el logro de un juicio justo e imparcial.
(d) Este Reglamento no limita ni restringe la autoridad del juez o de la jueza que preside el proceso para dirigirlo, manejar los procedimientos que tiene ante su consideración y determinar que se ha incumplido con alguna de las disposiciones contenidas en este Reglamento.
(e) Nada de lo dispuesto en este Reglamento restringirá de forma alguna los derechos que al presente gocen los medios de comunicación para informar sobre los procesos judiciales.
*432 (f) Nada de lo dispuesto en este Reglamento varía o modifica de forma alguna las disposiciones de los cánones del Código de Etica Profesional y su interpretación jurisprudencial; en particular, aquellas relacionadas con la conducta del abogado o de la abogada respecto a la publicidad de casos pendientes.
(g) No se aplazará ni suspenderá ningún procedimiento con el único propósito de permitir que los medios de comunicación cubran el proceso judicial haciendo uso de los privilegios concedidos por este Reglamento.
(h) La presencia de los medios de comunicación en un proceso judicial no afectará de modo alguno la determinación judicial que realice el juez o la jueza que preside el proceso ante una moción de suspensión, de trasferencia de vista o de traslado del caso que legítimamente haga una parte o su representante legal.
(i) Los privilegios concedidos en este Reglamento no se extienden a las partes ni a sus representantes legales, ex-cepto el uso de grabadoras de audio o de equipo similar por las abogadas o los abogados para fines de representación legal. Las disposiciones bajo este Reglamento no aplican en ocasiones estrictamente ceremoniales.

Regla 6. Petición

(a) Todo medio de comunicación que interese tomar fotografías o grabar imágenes y audio con el propósito de difundir un proceso judicial deberá presentar una petición por escrito para utilizar cámaras fotográficas o equipo audiovisual de difusión dentro del salón del tribunal. Dicha petición se completará en el formulario provisto para ello y se presentará en la Secretaría del Centro Judicial de San Juan por lo menos diez días antes de la fecha asignada en el calendario para el inicio del proceso o tan pronto advenga en conocimiento del mismo. El tribunal podrá aceptar peticiones luego de iniciado el proceso o las que no cum-plan con dicho término si determina que existe causa justificada.
*433 (b) La Secretaria o el Secretario del Tribunal notificará a las partes involucradas en el proceso el mismo día de la presentación de la petición y la llevará inmediatamente a la atención de la jueza o del juez que presidirá el proceso judicial. A menos que la jueza o el juez ordene lo contrario, la notificación de la petición a las partes se efectuará mediante fax o por correo electrónico.
(c) La petición deberá dirigirse al juez o a la jueza que presidirá el proceso y deberá incluir la información siguiente;
(1) El nombre del procedimiento y la fecha y hora de inicio.
(2) El número de caso.
(3) La cantidad y el tipo de cámara fotográfica y de equipo audiovisual de difusión que interesa utilizarse, incluyendo cualquier aparato o dispositivo análogo, digital o electrónico complementario o necesario.
Regla 7. Autorización
(a) En ningún proceso judicial se permitirá el uso de cámaras fotográficas o de equipo audiovisual de difusión a menos que la jueza o el juez que presida el proceso judicial, en el ejercicio de su discreción, lo autorice por escrito. La autorización se notificará mediante fax o por correo electrónico a todas las partes de la acción judicial.
(b) Cualquiera de las partes podrá presentar una objeción a la petición presentada por cualquier medio de comunicación con por lo menos cinco días de anticipación a la fecha asignada en calendario para el inicio del proceso o tan pronto advenga en conocimiento de la petición. La objeción podrá ser notificada al tribunal mediante fax o por correo electrónico. El tribunal podrá aceptar las objeciones luego de expirado dicho término si determina que existe justa causa para ello. El juez o la jueza resolverá tales objeciones en cualquier momento antes del inicio del proceso judicial y tomará en consideración aquellos obstáculos que razonablemente impidan el logro de un juicio justo e imparcial.
*434 (c) La autorización o la denegación de la petición está sujeta a reconsideración. La determinación judicial que autorice o deniegue la petición no es revisable.
(d) Si se autoriza la cobertura electrónica de un proceso judicial cuando uno o más medios de comunicación ha sometido una petición conforme este Reglamento, el juez o la jueza remitirá la petición o las peticiones a una funcionaría o un funcionario del tribunal para que cumpla con las disposiciones contenidas en la Regla 11 y sirva de enlace con los medios de comunicación, de modo que puedan establecer acuerdos que cumplan con las especificaciones de la Regla 10 de este Reglamento.

Regla 8. Restricciones

(a) La cobertura electrónica mediante el uso de cámaras fotográficas y de equipo audiovisual de difusión estará prohibida en todo procedimiento de naturaleza confidencial, según establecido por ley o así dispuesto por una or-den judicial.
(b) La cobertura electrónica de un proceso judicial, de porciones de este o del testimonio de una parte, una persona testigo o una persona perita puede prohibirse, concluirse o limitarse motu proprio por la jueza o el juez que preside el proceso o a instancia de parte. La jueza o el juez efectuará su determinación tomando en consideración el interés de la justicia en proteger los derechos de las partes y de las personas testigos, y para preservar el orden y la buena conducta que debe imperar en el proceso judicial.
(c) El juez o la jueza podrá ordenar en cualquier momento a los medios de comunicación que suspendan el uso de cámaras fotográficas y de equipo audiovisual de difusión, o podrá conducir el procedimiento en cámara, para evitar la difusión de la presentación en evidencia de cualquier documento o testimonio de naturaleza confidencial o sensitiva.
(d) No se autorizará la cobertura electrónica de los procedimientos celebrados en cámara.
*435 (e) Solo se permitirá la transmisión en vivo o en directo de cualquier etapa de las vistas del proceso judicial o sus recesos por radio, televisión e Internet o por algún medio de transmisión análogo mediante la autorización expresa del tribunal, previa solicitud específica al respecto y siempre que no se afecten los procedimientos, los derechos de las partes ni el acceso del público y de las funcionarías o de los funcionarios a la sede del tribunal.
(f) No se permitirá realizar entrevistas para la difusión ni tomar fotografías en los pasillos adyacentes a la entrada del salón donde se lleva a cabo el procedimiento o donde se efectúen otros procesos judiciales. Solo se permitirán en las áreas designadas para ello, que deben ser áreas retiradas de las entradas a los salones del tribunal (por ejemplo, en áreas cercanas a los elevadores o al final de los pasillos), ello en conformidad con el Protocolo para facilitar el acceso de la prensa a los Tribunales de Puerto Rico y el acceso a la información sobre los procesos judiciales, vigente desde el 29 de junio de 2006.
(g) Estará prohibido tomar fotografías o grabar imágenes a través de las ventanillas o puertas abiertas del salón.

Regla 9. Conferencia de abogadas y abogadas; materiales

Para proteger el privilegio abogado-cliente y el derecho de las partes a recibir una representación legal en forma efectiva, no se permitirá la toma de fotografías ni grabar o difundir imágenes o audio durante los recesos ni durante las conferencias que se efectúen en el salón o en cámara, entre la representación legal de las partes, entre las abogadas o los abogados y sus clientes, entre los representantes legales de un mismo cliente o entre la abogada o el abogado y la jueza o el juez en el estrado. Tampoco estará permitido tomar video o fotos de los materiales o los documentos localizados en las mesas de dichas abogadas o dichos abogados.

*436
Regla 10. Conducta y tecnología

(a) Equipo técnico y personal
(1) En el salón del tribunal se permitirá:
(i) Una (1) cámara de televisión o de grabación de imagen portátil (con trípode) operada por un (1) camarógrafo. Se podrá permitir más de una cámara de televisión o de grabación de imagen a discreción de la jueza o del juez que preside el proceso.
(ii) Dos fotógrafos con una (1) cámara fotográfica fija (con trípode) cada uno con no más de dos lentes por cada cámara. Podrán admitirse más de dos fotógrafos con el mismo equipo, a discreción de la jueza o del juez que preside el proceso.
(2) En el caso de grabaciones de imágenes con audio, solo se permitirá el uso de un sistema de audio, preferiblemente el sistema que al momento del proceso exista en el salón del tribunal. Si este resulta inadecuado, será responsabilidad de los medios de comunicación instalar los micrófonos y el alambrado necesario en los lugares que asigne el juez o la jueza o la funcionaria designada o el funcionario designado antes de comenzar al proceso judicial. Ninguna grabación se transmitirá en directo o en vivo.
La instalación del equipo técnico o del sistema de audio no debe interrupir, molestar u obstruir los procesos, por lo que debe ser aprobada por el juez o la jueza o por la funcionaria designada o el funcionario designado previo al comienzo del proceso judicial. Para ello se coordinará con suficiente anticipación con la funcionaria designada o el funcionario designado como enlace. La instalación de este equipo no puede interferir con los horarios de vista en los tribunales ni con la hora señalada para el inicio de los procedimientos.
Los medios de comunicación interesados en difundir el procedimiento sufragarán los gastos en que se incurra en la instalación del equipo técnico o del sistema de audio.
*437 (3) Se permitirá el uso de grabadoras de audio portátiles en el salón del tribunal sujeto a que su operación sea discreta y silenciosa. Los medios de comunicación deberán solicitar una autorización conforme la Regla 6 de este Reglamento. Aun cuando no se autorice la cobertura electrónica del proceso mediante cámaras fotográficas o equipo audiovisual de difusión, el juez o la jueza, en el ejercicio de su discreción, podrá autorizar a que se grabe el audio durante la celebración del proceso judicial sin una notificación previa a las partes en el proceso. El juez o la jueza mantiene la discreción para restringir o prohibir el uso de grabadoras de audio portátiles en los casos en que también restrinja o prohíba la cobertura electrónica por otros medios.
(4) Los medios de comunicación no deberán perturbar o interrumpir el proceso judicial cuando experimenten problemas técnicos. El ajuste o la reparación del equipo técnico debe postergarse hasta que la jueza o el juez decrete un receso.
(b) Criterios sobre luz y sonido
(1) Los representantes de los medios de comunicación solo utilizarán cámaras fotográficas y equipo audiovisual de difusión que no produzcan luz o sonido. Ningún equipo podrá usar ningún dispositivo o aparato artificial de iluminación.
(2) Las cámaras fotográficas estarán programadas para operarse de manera silenciosa, incluyendo la emisión del típico sonido “click” que las caracteriza.
(3) Será un deber afirmativo de los representantes de los medios de comunicación demostrar a la jueza o al juez, o a la funcionaría designada o al funcionario designado, previo a cualquier proceso judicial, que el equipo que se utilizará cumple con los criterios de luz y sonido enunciados anteriormente. La omisión de obtener tal aprobación impedirá el uso del equipo durante la celebración del proceso judicial. La jueza o el juez tendrá discreción para *438 restringir durante el proceso judicial la utilización de cualquier equipo que, por su naturaleza, considere perturbador.
(4) Los medios de comunicación deberán permanecer en silencio durante el proceso judicial. Deberán abstenerse de hacer comentarios o preguntas durante el proceso judicial.
(c) Ubicación de los representantes de los medios
(1) Los representantes de los medios de comunicación y el equipo técnico que se utilizará para la cobertura electrónica del proceso judicial se ubicarán en el lugar o en los lugares asignados por el juez o la jueza que preside el proceso o por la funcionaría designada o el funcionario designado. Las áreas determinadas deberán proveer un acceso razonable para la captación de las imágenes del proceso judicial, por lo que se dispone que, siempre que áreas distantes en el salón permitan un acceso razonable, se ubicará el equipo y el personal de los medios en ese lugar. Todo equipo que no sea parte del equipo autorizado deberá localizarse fuera del salón del tribunal, excepto que el juez o la jueza que preside el proceso lo permita. Todo el equipo debe estar en el lugar asignado y listo para funcionar con no menos de quince minutos de antelación al inicio del proceso judicial.
(2) Los representantes de los medios de comunicación deberán ubicarse en el lugar que se les haya asignado. Una vez allí, será deber de los representantes de los medios actuar de forma tal que no llamen la atención ni por sí mismos ni por las actividades que realicen. Estos deberán seguir las mismas normas de vestimenta que se exige al público en el tribunal.
(d) Movimiento durante el procedimiento
Todo equipo se colocará o removerá del salón del tribunal cada día antes de comenzar los procedimientos, durante los recesos o después de la suspensión del proceso judicial. No se permitirá instalar o cambiar dispositivos o *439 aditamentos (tales como lentes, tarjetas de memoria, rollos fotográficos, baterías) dentro del salón del tribunal, ex-cepto durante los recesos del proceso.
Los medios de comunicación no deberán moverse a través del salón para tomar fotografías, hacer tomas de vídeo o grabaciones de imagen o audio mientras se desarrolle el proceso judicial ni durante los recesos. Los fotógrafos y camarógrafos podrá retirarse del salón del tribunal mientras se efectúe el proceso judicial, pero deberá aguardar hasta el receso para retirar las cámaras fotográficas fijas y las cámaras de televisión o de grabación de imagen.
(e) Utilización de luz adicional
Se modificará el alumbrado del salón del tribunal solo con la aprobación de la jueza o del juez que preside el proceso. Tales modificaciones, de ser autorizadas, se instalarán, mantendrán o removerán sin que se incurra en gastos públicos. Será responsabilidad de los medios de comunicación interesados sufragar todo gasto en el que se incurra como resultado de dichas modificaciones.
(f) Equipo electrónico adicional para recopilar y transmitir información
Se permitirá el uso de equipo electrónico adicional, tales como computadoras portátiles (laptops), teléfonos inteligentes (smartphones), tabletas (tablets), entre otros aparatos electrónicos o equipos similares, en sustitución de las herramientas tradicionales para recopilar la información sobre lo que sucede en el salón del tribunal, siempre que su operación sea discreta y silenciosa.
Aun cuando no se autorice la cobertura electrónica del proceso mediante cámaras fotográficas o equipo audiovisual de difusión, la jueza o el juez, en el ejercicio de su discreción, podrá autorizar el uso de equipo electrónico adicional para transmitir información a través de las redes sociales o cualquier blog en vivo, sin notificar previamente a las partes en el proceso.
*440 No se permitirá grabar imágenes, audio o tomar fotografías mediante el uso de equipo electrónico adicional. La jueza o el juez mantendrá su discreción para restringir o prohibir el uso de equipo electrónico adicional en los casos en que también restrinja o prohíba la cobertura electrónica por otros medios.

Regla 11. Grupo designado y acuerdos entre los medios de comunicación

(a) Enlace
El juez o la jueza que preside el proceso judicial designará un funcionario o una funcionaria que actúe como representante del tribunal, quien, junto con los medios de comunicación que hayan presentado una petición bajo la Regla 6 de este Reglamento, coordinará todo asunto respecto a la difusión de los procedimientos.
Cuando lo estime necesario, el funcionario designado o la funcionaria designada podrá solicitar a los medios de comunicación que elijan un o una representante, preferiblemente mediante consenso, que sirva de enlace con el tribunal para asegurar todo lo relacionado con el fiel cumplimiento de las disposiciones de este Reglamento. En tales casos, este o esta representante de los medios de comunicación será responsable de cumplir con las limitaciones de equipo y de personal que este Reglamento exige.
(b) Grupo designado
La funcionaria designada o el funcionario designado deberá seleccionar los o las representantes de los medios de comunicación que comprenderán el grupo designado para tomar fotografías y grabar el proceso judicial. A menos que la jueza o el juez determine lo contrario, el grupo designado se constituirá de un máximo de tres personas quienes representarán los medios de difusión siguientes: televisión, prensa digital (Internet) y prensa escrita. Cada uno de los o las representantes de los medios de comunicación será responsable de cumplir con las disposiciones contenidas en este Reglamento. Asimismo, podrá ser sustituido por la *441 empresa o la organización mediática a la que representan, previa notificación a la funcionaría designada o al funcionario designado.
El orden de llegada de las peticiones se utilizará como criterio para la designación, tomando en consideración la hora y la fecha de presentación del formulario en la Secretaría del Centro Judicial, a menos que los medios de comunicación lleguen a un acuerdo a satisfacción del tribunal. La funcionaría designada o el funcionario designado podrá tomar en consideración otros criterios establecidos mediante directrices o reglamentación.
Los medios de comunicación que no hayan sido seleccionados para formar parte del grupo designado no podrán utilizar equipo técnico alguno para fotografiar o grabar imágenes ni podrán ingresar equipo técnico dentro del salón del tribunal.
No se admitirá en el grupo designado a más de un representante por empresa u organización mediática matriz, incluyendo sus subsidiarias, dependencias o corporaciones procedentes, a menos que los medios de comunicación lleguen a un acuerdo a satisfacción del tribunal.
Cada uno de los o las representantes del grupo designado deberá asegurar que el equipo técnico que utilizará para la cobertura electrónica tiene capacidad para reproducir las imágenes y el audio captado, de manera que otros medios de comunicación interesados puedan obtener a través de ese equipo las imágenes y el audio del proceso judicial sin que dichos otros representantes tengan que requerir una autorización al juez o la jueza que preside el proceso. Entiéndase, que los o las representantes del grupo designado, inmediatamente después de finalizar la captación de imágenes o audio, estarán obligados u obligadas a poner a la disposición el equipo utilizado para que otros medios de comunicación que lo soliciten puedan grabar o captar las imágenes y el audio del proceso judicial.
En casos de alto interés público o de gran notoriedad, en los que se presenta una cantidad numerosa de peticiones, *442 el funcionario designado o la funcionaría designada podrá convocar una reunión con los medios de comunicación peticionarios con el propósito de alcanzar acuerdos que permitan una difusión más extensa del proceso.
(c) Dilucidación de controversias
Ni el juez o la jueza que preside el proceso judicial ni el funcionario designado o la funcionaría designada intervendrán como mediadores o mediadoras en caso de surgir disputas relacionadas con acuerdos entre los medios de comunicación. En ausencia de un acuerdo, el juez o la jueza excluirá del proceso judicial a los medios de comunicación que se encuentren en disputa.

Regla 12. Regulaciones y medidas adicionales

Se autoriza a la Directora Administrativa o al Director Administrativo de los Tribunales a emitir cualquier directriz administrativa que sea necesaria para el mejor funcionamiento del programa experimental establecido mediante este Reglamento e implantar cualquier medida u orden administrativa para cumplir con las disposiciones contenidas en este.

Regla 13. Asuntos no previstos

El juez o la jueza que preside el proceso judicial resolverá, según su sana discreción, cualquier aspecto no previsto por este Reglamento y que sea objeto de controversia y adoptará cualquier medida necesaria y no prevista por este Reglamento.

Regla 14. Uso permisible del material grabado

Ninguna cinta magnetofónica, video, fotografía o grabación de imágenes o audio adquirida según estas reglas se admitirá en evidencia en cualquier otro procedimiento que surja o en cualquier procedimiento colateral, así como tampoco en la revisión o apelación de tales procedimientos.

Regla 15. Vigencia

Estas reglas comenzarán a regir el 1 de julio de 2013.
*443 Voto de conformidad emitido por el
Juez Presidente Señor Hernández Denton, al que se une la Jueza Asociada Señora Fiol Matta.
La visión de la Rama Judicial es ser accesible a toda persona, diligente en la adjudicación de los asuntos, sensible a los problemas sociales, innovadora en la prestación de los servicios, comprometida con la excelencia administrativa y con su capital humano, y acreedora de la confianza del Pueblo. Véase Plan Estratégico de la Rama Judicial de Puerto Rico 2012-2015: Justicia y Servicio.
Precisamente, con la aprobación de las enmiendas al Canon 15 de Ética Judicial, 4 LPRA Ap. IV-B, y el establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan, constatamos cómo esta visión etérea se convierte en una realidad concreta. Por eso, como Juez Presidente y administrador de esta Rama de Gobierno, me place expresar mi conformidad con esta Resolución.
Las normas contenidas en el Canon 15 de Ética Judicial, supra, han permanecido prácticamente intactas desde la aprobación del primer código ético en 1957. Esto ha provocado que, en aras de mantener la solemnidad y el respeto dentro de las salas de los tribunales, se prohíba la presencia de cámaras fotográficas y de equipo audiovisual, excepto en ocasiones estrictamente ceremoniales o cuando la reproducción de los procedimientos tuviese un fin educativo. Por lo tanto, existía un impedimento para la implementación de un programa experimental que nos permitiera recopilar información sobre los efectos de la presencia de los medios de comunicación en el desarrollo de los procesos judiciales, a pesar de los reclamos de diferentes sectores. También se mantenía una veda al uso de *444 las herramientas tecnológicas que se han convertido en esenciales al trabajo de los medios de comunicación.
Hoy ese impedimento deja de existir y se implanta un programa experimental que nos permitirá delinear responsablemente una política institucional sobre el uso de las cámaras fotográficas y de equipo audiovisual en los tribunales. También se reconoce la tecnología actual como herramienta para difundir información y se autoriza el uso de computadoras portátiles, teléfonos celulares, tabletas y otros aparatos para recopilar y transmitir información escrita. Esto último aplicaría a todas las salas de los tribunales del país.
De esta forma, avanzamos en el camino que nos hemos trazado de hacer un sistema de justicia diligente y accesible a todos. Indispensable para esto es que los procesos judiciales sean comprendidos y confiables. Es por eso que este paso representa un logro enorme para la Rama Judicial. Promovemos un mayor grado de accesibilidad a nuestro sistema de justicia permitiendo que las personas se familiaricen y comprendan los procesos judiciales a través de los innovadores mecanismos de difusión de información de nuestros tiempos.
Además, reafirmamos nuestro compromiso de realizar nuestra función social en una forma responsable y rendir cuenta de ello al País. Para esto es importante promover la transparencia de los procedimientos judiciales permitiendo que los medios de comunicación utilicen equipo tecnológico que les asista en su función.
La información clara y precisa es indispensable para la toma de decisiones y la fiscalización del Pueblo en un país democrático. Por eso confío en que las enmiendas introducidas al Canon 15 de Ética Judicial y el programa experimental para el uso de cámaras fotográficas y de equipo audiovisual redundarán en el desarrollo de la democratización del Derecho.
*445 Voto de conformidad emitido por el
Juez Asociado Señor Estrella Martínez.
No es lo mismo juzgar por televisión que televisar un juicio; por lo tanto un juicio televisado no es ni justo ni injusto: es conocido. La televisación no hará más justo un juicio que lo sea, ni menos injusto un juicio objetable. Así como inexorablemente existirá un a sentencia, también existe una opinión pública como hecho objetivo, haya o no televisión. Más bien, parecería que lo razonable sería acercar ambos dominios por la vía de la publicidad, tratando de que las puertas abiertas permitan que la resolución definitiva sea observada, comprendida y aceptada. (Enfasis suprimido).
-Rafael Bielsa.(1)
La enmienda al Canon 15 de Etica Judicial, 4 LPRA Ap. IV-B, aprobada por este Tribunal y el establecimiento de un programa experimental para autorizar el uso de cámaras fotográficas y de equipo audiovisual por los medios de comunicación en determinadas Salas de Recursos Extraordinarios (Programa Experimental), constituye un paso de avance en la búsqueda de mayor acceso de la prensa y la ciudadanía a la información que surge de los procesos judiciales. Por ello, ejerzo mi voto de conformidad.
Ahora bien, ante la adopción del Programa Experimental este Tribunal no debe detener sus esfuerzos simultáneos para lograr el acceso pleno a los procesos judiciales dentro de nuestro esquema constitucional.(2) Me refiero a que los pasos de este Tribunal tienen que ser más ágiles en *446 el discurrir hacia la reformulación de la reglamentación del acceso a los medios de comunicación a todos los procesos judiciales. Claro está, con las salvaguardas necesarias para amparar a determinados actores del tracto legal, cuya protección es imprescindible para el descubrimiento de la verdad.
En ese sentido, reconozco los esfuerzos recientes dirigidos a promover el estudio y análisis del desarrollo histórico del Canon 15 y su reglamentación. Sin embargo, la evaluación de los resultados del Programa Experimental adoptado no debe dilatarse irrazonablemente por años adicionales.
Además, resulta imperativo integrar a múltiples sectores de la ciudadanía, la comunidad jurídica y la prensa en el proceso de consultas para que la facultad de reglamentación se ejerza dentro de un marco de verdadera participación. El compromiso de transparencia y acceso del Pueblo a la justicia tiene varias ramificaciones en el ejercicio de reglamentación de la Rama Judicial. Ciertamente, el paso adoptado por este Trivunal fortalece esa política pública institucional.(3)
Ha llegado el momento de culminar la etapa de “replantearnos si todavía se justifica la prohibición de los procedi *447 mientos judiciales por vídeo y por audio”, tal como lo ex-puso acertadamente el compañero Juez Asociado Señor Martínez Torres en su ceremonia de juramentación y cuyas palabras fueron oportunamente apoyadas por el compañero Juez Asociado Señor Kolthoff Caraballo. Véanse: Ceremonia de Juramentación, 175 DPR LXXXV, XCVII (2009); E.V. Kolthoff Caraballo, “Transparentes”, El Nuevo Día, 28 de febrero de 2012, disponible en: http://www. elnuevodia.com/columna-transparentes-1200444.html. Hoy alcanzamos un peldaño adicional en ese proceso reformista. No obstante, nuestra jomada hacia una mayor transparencia y el acceso pleno de la ciudadanía y la prensa a nuestros procedimientos judiciales no debe limitarse, ni mucho menos perpetuarse, en el ámbito experimental aquí aprobado. De lo contrario, las juellas de apertura marcadas hoy podrían quedar borradas por la resaca del hermetismo y las ventisca de la secretividad de los procedimientos.

 La televisión no hace injusto un juicio, Clarín Digital, 18 de abril de 1996, en: http://edant.clarin.coin/diario/96/04/18/biel-01.html.

 Soy consciente que el canon de ética judicial que hoy enmendamos es fuente de complicadas implicaciones constitucionales. Es por ello que, en nuestro esfuerzo *446 regulador, debemos auscultar con detenimiento las incidencias que el Canon 15 (4 LPRA Ap. IV-B) impone, si alguna, sobre los derechos constitucionales a la libertad de prensa, a un juicio rápido y público, y a la ventilación de un juicio ante un jurado imparcial, entre otras consideraciones de primer orden. No obstante, este análisis sereno de las garantías constitucionales nombradas no debe ser óbice para un pro-ceder investido de una premura responsable y diligente.

 Amerita puntualizar que este máximo Foro está comprometido con alcanzar un nivel de apertura plena de sus procesos judiciales, de forma tal que se garantice la transparencia y la accesibilidad del Pueblo a nuestras gestiones oficiales. In re Solicitud Aumentar Núm. Jueces TS, 180 DPR 54, 72 (2010). Véase, también, Ley Núm. 169-2010 (4 LPRA sec. 24r). Este espíritu de garantizar el acceso de lo medios de comunicación y de la ciudadanía en general a nuestros procedimientos permea cada etapa y esfera de nuestra rama de gobierno, con major énfasis en el quehacer judicial del Tribunal de Primera Instancia, por ser este el foro que materializa de forma más directa la aspiración de la Rama Judicial por alcanzar un majoy acceso a la justicia. Véase Servicio y Justicia, Justicia y Servicio, Plan Estratégico de la Rama Judicial de Puerto Rico 2012-2015. Por ello estoy conforme con que el Programa Experimental inicie con ese foro. Sin embargo, ello no debe interpretarse como una limitación a la accesibilidad a la que aspiro en los foros apelativos.